## Case No. 13,731a.

### TALBOT et al. v. WAKEMAN et al.

[25 Betts, D. C. MS. 176.]

District Court, S. D. New York. March 14, 1860.

PLEADING IN ADMIRALTY — PROOFS — VARIANCE — LOSS AND DAMAGE TO CARGO—JETTISON— SALE TO SUPPLY NECESSARIES.

[1. Variations between the contract sued on and the pleadings and proofs, although sufficient in law to defeat the action, will not be so regarded in admiralty, in a case where substantial justice can be done.]

[2. In answer to a libel by freighters for loss and damage to cargo, the defendants alleged that the loss and damage was partly from a necessary jettison on account of perils of the sea, and partly from a sale by the master in order to supply the necessaries of the vessel. Held, that the burden is upon the vessel to establish, by clear and conclusive proof, the particulars of this defense.]

[This was a libel by William C. Talbot & Co. and the Puget Mill Company against William Wakeman, Capt. Briard, and eight other persons, owners of the brig Eolian, for damage and loss to a cargo of spars and other timber, shipped by the libelants on board the brig. At the first hearing of the case counsel were allowed to retain the papers for the purpose of preparing a written argument and note of authorities. By some mischance the defendants' counsel mislaid the defendants' proofs, which were in the form of depositions, and the case went to a final hearing without these proofs. There was a decree for the libelants. Case No. 13,731.]

Six days after the above decision was

drawn up, the counsel for the defendants produced to the judge the depositions which had been mislaid, and prayed they might be considered by the court, before judgment should be pronounced in the case; and the counsel for the libelants acquiescing therein, with the reservation of the right on their part to call the attention of the court to a misapprehension of fact in the above decision as to a variance between the libel and the proofs, as to the parties libelant in the cause, the papers are accepted by the court under this reservation, and will be reconsidered at the earliest opportunity.

BETTS, District Judge. In reopening the decision of this cause for the purpose of considering the proofs of the respondents, which have been lost or mislaid since the trial in December last, I will first notice the suggestion of the counsel for the libelants that the court misapprehended the fact of there being a variance between the libel and the proofs offered on the trial in its support. I perceive no reason to change the conviction I announced on the first decision in the case, that by the form of the libel "the Puget Mill Company, of Puget Sound" were introduced into the cause as independent prosecuting parties, and not as copartners with Talbot & Co.; and no evidence being given, from the charter party or orally, that that association possessed any interest in the cause, there was a variance between the libel and proofs. The counsel for the libelants insists that the libel alleges that the Puget Mill Company, of Puget Sound compose a part of the "Company" of W. C. Talbot & Co., of San Francisco. I think this a palpable mistake, not, probably of the fact, but of the force and effect of the allegation in the libel. The parties prosecuting the suit are described in the introductory part of the libel in these words: "The libel and complaint of William C. Talbot, Andrew J. Pope, Josiah O. Keller, and Charles Foster, comprising the firm of William C. Talbot & Co., of San Francisco, and the Puget Mill Company, of Puget Sound, against William W. Wakeman, and others." And then the libel proceeds to charge that the libelants, doing business under the name and firm of M. C. Talbot & Co., entered into the charter. Two witnesses present at the execution of the charter speak of its signature by parties with whom they were personally acquainted, and then at San Francisco, and no intimation is given then, or on the trial, by any witness, that the Puget Mill Company, of Puget Sound, a concern existing as an associated body located many hundreds of miles from San Francisco, had any connection with this transaction. It seems very clear to me, therefore, that on a trial at law the Puget Mill Company, of Puget Sound, would be deemed independent parties and a failure to prove their interest would be fatal to the maintenance of the action; but, as stated in the former ruling upon this point, this is but an irregularity in pleading, not working, in admiralty practice, a defeat of the suit.

In applying the recovered depositions of Capt. Briard and the seaman Watson to the defense in the cause, I cannot find that they furnish any matter materially changing the features of the case presented in the proofs of the libelants. Capt. Briard's testimony, he being part owner of the brig at the time, must necessarily weigh to disadvantage in comparison with the evidence of disinterested witnesses and the documentary proofs produced by the libelants; and Watson's statements are reported so vaguely that I am unable to discover the effect or pertinency of what he was largely examined upon. I still retain the opinion that the vessel was put upon her voyage from Puget Sound in an unseaworthy condition, and that the stowage of cargo on deck was by the master, and was made in a faulty and unsafe manner, and that the respondents are answerable for damages resulting to the cargo from those particulars. The proof is very spare and indefinite as to the necessity of a jettison of cargo, or of a sale of a part of it to supply the necessities of the vessel. It also appears to me the defendants fail to prove a fulfillment of this engagement to receive cargo and passengers in China as return cargo, and transport them to San Francisco. The evidence is, however, too indefinite to enable the court to adjudge the rights of the parties satisfactorily without a fuller exposition of facts upon a report of a commissioner. I shall therefore pronounce in favor of the libelants, that the respondents have not fulfilled the charter party according to their agreement and shall refer the case to a commissioner to ascertain, upon the proofs produced in court on the hearing of the case, and such further competent and pertinent evidence as the parties may respectively produce before the referee, the amount of injury caused to the libelants by occasion of the unseaworthiness of the vessel, at the commencement of the aforesaid voyage, the amount and value of cargo shipped at Puget Sound on said voyage, and of that delivered in China, and the amount and value of said cargo jettisoned by the master on the voyage, and of that sold on the voyage the proceeds of which were applied by the master to the use and necessities of the vessel, and the amount of damages sustained by the libelants by the nonperformance of the charter party on the part of the respondents by shipping and transporting the cargo stipulated to be taken in the vessel from China to San Francisco.